IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| PREFERRED PROFESSIONAL INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PATRICK MCGREE, B.B., M.T., S.P., and P.S.,<br><br>　　　　　　Defendants. | No. CV 20-05-BU-SEH<br><br>ORDER |

## BACKGROUND

Pending before the Court are: (1) Defendant McGree's Motion to Dismiss;[1] (2) Plaintiff Preferred Professional Insurance Company's Motion for Summary Judgment;[2] and (3) Defendant McGree's Rule 56(d) Motion for Additional Time to Obtain Affidavits and Conduct Discovery.[3]

---

[1] Doc. 12.

[2] Doc. 14.

[3] Doc. 20.

Defendant Patrick McGree, a former physician, was sued in Montana state court by four former patients, identified as B.B., M.T., S.P., and P.S.[4] Each former patient alleges, *inter alia*, that McGree: (1) engaged in non-consensual sexual misconduct while they were his patients;[5] and (2) McGree's care "deviated from all acceptable standards of medical care."[6] McGree tendered defense of the underlying claims to Plaintiff Preferred Professional Insurance Company ("Preferred Professional"), who accepted the defense under a reservation of rights.

Preferred Professional filed this action on January 16, 2020, seeking a declaration that it has no duty to defend or indemnify McGree on the underlying claims.[7] An Amended Complaint was filed on February 17, 2020.[8] McGree then moved, on May 15, 2020, to dismiss on Rule 12(b)(6) grounds.[9] Preferred Professional responded and moved for summary judgment on June 4, 2020.[10]

---

[4] *See* Doc. 7.

[5] *See* Docs. 7-2, 7-3, 7-4, 7-5.

[6] Docs. 7-2 at 4, 7-3 at 4, 7-4 at 3, 7-5 at 3.

[7] *See* Doc. 1.

[8] Doc. 7.

[9] Doc. 12.

[10] Docs. 14, 15. McGree's response to the motion for summary judgment was due June 25, 2020. None was filed.

On June 24, 2020, McGree moved for Additional Time to Obtain Affidavits and Conduct Discovery.[11] Briefs in support and in opposition were filed.[12] The pending motions were heard on July 21, 2020.

## DISCUSSION

A claim for a declaratory judgment would be subject to dismissal under Fed. R. Civ. P. 12(b)(6) if the allegations of the complaint failed to state a federal claim upon which relief could be granted.[13] That deficiency, however, was not present in the declaratory judgment pleadings filed in this Court. In fact, the allegations of the several former patient complaints pending in state court are sufficient to trigger Preferred Professional's duty to defend the claims asserted in those cases under its policy.

The present record, however, is incomplete on the separate question of Preferred Professional's obligation to indemnify McGree for any underlying malpractice claim proven to be meritorious. The motion for summary judgment on that issue is premature. It is denied without prejudice to renewal, if appropriate, at a later date.

---

[11] Doc. 20.

[12] Docs. 21, 24.

[13] *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting Fed. R. Civ. P. 8(a)(2)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

ORDERED:

1. Preferred Professional has the duty to defend the former patient claims asserted in state court. Defendant McGree's Motion to Dismiss[14] is DENIED.

2. Preferred Professional's Motion for Summary Judgment[15] is DENIED without prejudice as premature.

3. Discovery to address the duty to defend issue is unnecessary. McGree's Motion for Additional Time to Obtain Affidavits and Conduct Discovery[16] is DENIED.

DATED this 4th day of August, 2020.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[14] Doc. 12.

[15] Doc. 14.

[16] Doc. 20.